UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHERYL SERREZE DESROSIERS,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut Corporation,<br><br>Defendant. | : | Civil Action No. 03-018-L |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Hartford Life and Accident Insurance Company hereby objects to plaintiff's Motion To Compel Production Of Documents.

In support of this objection, the Court is respectfully referred to the accompanying memorandum.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

By Its Attorneys,

Mark A. Pogue (#3441)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (telecopy)

**Certificate of Service**

I hereby certify that on this 27th day of June, 2005 I served a copy of the within Motion To Compel Production Of Documents by first class mail, postage prepaid to:

Christopher M. Lefebvre
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862

Jordan M. Lewis, Esq.
Siegel, Brill, Greupner, Duffy & Foster, P.A.
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103

______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHERYL SERREZE DESROSIERS,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut Corporation,<br><br>Defendant. | : | Civil Action No. 03-018-L |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Hartford Life And Accident Insurance Company ("Hartford") submits this memorandum in support of its objection to plaintiff's Motion To Compel Production Of Documents. As shown below, plaintiff's motion should be denied because it seeks discovery over and above the administrative record in this case. Moreover, the individual requests at issue are objectionable.

**Background**

This is a disability insurance case. The insurance policy at issue grants the plan administrator -- Hartford -- complete discretion and authority to determine eligibility for benefits under the policy.[1] This Court has ruled that the plaintiff's claim for benefits under the policy is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 et. seq.

Hartford voluntarily provided to plaintiff the complete administrative record in this matter. Plaintiff has now served on Hartford a set of 12 document requests. Two of the requests

[1] In the words of the Booklet-Certificate issued to plaintiff: "The Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of [this] Group Insurance Policy."

(nos. 1 and 2) call for production of correspondence between Hartford and insureds other than the plaintiff. A third request (no. 8) calls for production of documents which relate to the compensation paid by Hartford to Todd Lyon, M.D., who reviewed the plaintiff's claim for benefits from a medical standpoint. Nine of the requests call for production of "internal rules, guidelines [and] protocols" of Hartford bearing on a wide variety of topics.[2]

Relying on this Court's decision in Grady v. Paul Revere Life Insurance Company, 10 F. Supp.2d 100, 110 (D.R.I. 1998) (Lagueux, J.), Hartford objected to all of plaintiff's document requests. In Grady, this Court stated that "where an ERISA plan confers discretionary authority upon the plan administrator to determine eligibility for benefits or to construe the terms of the plan, then the district court is to apply the arbitrary and capricious standard of review to the administrator's factual determinations." Id. at 110. This Court further stated that, where the arbitrary and capricious standard is used to review the plan administrator's actions, judicial review must be limited to the "record before the administrator." Id. at 112.

This motion followed.

## Argument

### I. Plaintiff Is Not Entitled To Take Discovery Outside The Administrative Record Provided By Hartford

As shown below, plaintiff's attempt to take discovery outside the administrative record in this case is improper.

---

[2] The topics as to which plaintiff seeks "internal rules, guidelines [and] protocols" include "the essential duties of an attorney" (no. 4); "the essential duties of a trial attorney" (no. 5); "the essential duties of an Assistant United States Trustee" (no. 6); "the essential duties of a United States Attorney" (no. 7); "plaintiff's obligation to prove coverage through objective evidence" (no. 8); "plaintiff's obligation to prove coverage through medical evidence" (no. 10); "plaintiff's obligation to show neurocognitive impairements to prove total disability under your policy" (no. 11); and "plaintiff's obligation to show impaired cognitive capacity to prove: stated disability under your policy" (no. 12)..

## A. Glista Does Not Support The Plaintiff's Motion To Compel

Plaintiff argues that the law that controls this case is "derived from" Glista v. UNUM Life In. Co. of America, 378 F.3d 113 (1st Cir. 2004).[3] Hartford disagrees. For several reasons, Glista does not control the resolution of the instant motion. Grady does.

The issue in Glista was how the plan administrator interpreted a single term in the insurance contract (the pre-existing condition clause) that was dispositive of the plaintiff's claim for benefits. Glista, 378 F.3d at 116. During discovery, the Glista plaintiff obtained two documents from the insurer – a "risk management reference guide" and certain training materials -- which reflected how the insurer interpreted that plan term. Id. at 120-21. The issue addressed by the First Circuit was "the admissibility" of these materials. Id. at 115.

In its decision, the Glista court "decline[d] to adopt hard-and-fast rules" on this question. Id. Instead, the court stated that "The weight and admissibility of internal documents, whether those documents are offered in support of the interpretation of the plan administrator or that of the claimant, will vary with the facts of each case." Id. at 123. The Glista court proceeded to outline certain criteria to be considered in weighing whether such documents could be admissible in evidence:

> Such documents are most likely to be relevant where they have been authenticated, have been generated or adopted by the plan administrator, concern the policy in question, are timely to the issue in the case, are consistently used, and were known or should have been known by those who made the decision to deny the claim.

Id.

Plaintiff's attempt to "derive" from Glista the law that should apply to its document requests is faulty for several reasons. First, the issue in Glista was the weight and admissibility of certain internal insurance documents; here, in contrast, the question is the scope of proper

[3] Plaintiff's Memorandum In Support Of Motion To Compel ("Pl. Mem."), at 3.

discovery. Second, in Glista the plaintiff's claim for benefits turned on the meaning of a single, discrete plan term – the pre-existing condition clause. The court held that the internal documents which shed light on the meaning of that term were admissible because, among other things, they were "discrete documents easily made available." Glista, 378 F.3d at 123. Here, in contrast, the plaintiff's claim for benefits is not affected by the meaning of a particular technical term in the policy. Plaintiff's claim for disability benefits was denied for the simple reason that she did not meet the definition of "totally disabled" within the meaning of the policy.

This court made clear in Grady that, where the arbitrary and capricious renew standard is to be applied, judicial review of the administrator's decision is limited to the "record before the administrator." Grady, 10 F. Supp. 2d at 112. Grady is still good law in this District, and its holding is consistent with that from other courts. See, e.g., Winters v. UNUM Life Ins. Co., 232 F.Supp.2d 918, 927 (D.Wis. 2002) (denying extra-record discovery; "Under this [arbitrary and capricious] standard, the Court of Appeals for the Seventh Circuit limits the scope of review to the record available to the plan administrator at the time the decision was made."); Semien v. Life Ins. Co. of North America, 2004 WL 1151608 * 2 (N.D. Ill. 2004) ( same).

Because plaintiff's motion seeks to compel production of document article the administrative record, it should be denied.

**B. Plaintiff's Individual Document Requests Are All Objectionable**

In addition to the fact that discovery outside the administrative record is not permitted in this case, plaintiff's motion to compel should be denied because the individual document requests at issue are all objectionable.

A. Requests Nos. 1 and 2

Plaintiff's requests nos. 1 and 2 seek correspondence between Hartford and insureds other than the plaintiff. These requests are clearly improper. In Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19 (1st Cir. 2003), the First Circuit considered and rejected the plaintiff's attempt, in an ERISA case, to obtain discovery about other, similarly situated claimants. In the First Circuit's words, "[Liston] held that the district court had not abused its discretion in refusing to grant to a claimant who had been denied benefits discovery about other similarly situated claimants who did receive benefits." Glista, supra, 378 F.3d at 122.

Plaintiff's attempt in this case to obtain discovery about other claimants is no different than the Liston plaintiff's attempt to obtain discovery about other claimants. For that reason, Liston controls this aspect of plaintiff's motion, and requires that the motion be denied as to request nos. 1 and 2.

B. Request No. 8

Plaintiff's document request number 8 seeks documents relating to the compensation paid by Hartford to Todd Lyon, M.D., who reviewed plaintiff's medical condition. According to plaintiff, these documents "could be relevant to a showing of bias, or even conflict." Pl. Mem. At 9.

This request is objectionable on two grounds. First, in an ERISA case where the administrator's decision will be reviewed in accordance with the lenient arbitrary and capricious standard of review, neither Grady nor even Glista permits discovery of documents that "could be relevant to a showing of bias, or even conflict." There is simply no authority in this Circuit to support this request.[4]

[4] The only authority cited by plaintiff in support of this aspect of her motion to compel is a district court decision from New York that is not binding on this Court. Pl. Mem. at 9.

Second, it is plain that this aspect of the motion to compel is nothing more than a fishing expedition. Plaintiff does not even allege that she has a specific basis to believe that Dr. Lyon's review was tainted by "bias" or "conflict." For this reason, even in the absence of the deferential arbitrary and capricious standard, this request would be objectionable.

C. Request No. 3

In its request no. 3, plaintiff seeks internal Hartford documents that "relate to" or "explain" its "'Total Disability' or Totally Disabled' coverage provision.'" In addition to the fact that this request seeks discovery beyond the administrative record, this request is objectionable because it is vague and unduly broad. Determining what documents at an insurance company "relate to" a particular provision is an impossible task. In theory, every single insurance policy at the company which contains such a provision "relates to" the provision. Moreover, there is no reason for plaintiff to burden Hartford with this vague request, because the definition of "Total Disability" is explained in the very policy under which plaintiff has sued.

D. Requests Nos. 4-7 and 9-12

In request nos. 4-7, plaintiff has requested documents which "relate to" or reflect Hartford's "view" of the essential duties of an attorney, a trial attorney, an Assistant United States Trustee, and a United States Attorney. In request nos. 9-12, plaintiff seeks documents which "relate to" or "explain" plaintiff's obligation to make certain showings in order to recover benefits under the policy.

Requests such as these go far beyond the documents considered in Glista itself. Plaintiff's requests nos. 4-7 and 9-12 do not seek internal guidelines or training materials bearing on the meaning of a specific term in the policy at issue – the type of documents which the Glista court held could be admitted into evidence in limited circumstances. Rather, these requests call

for documents which relate to the decision making process employed during the administrator's consideration of plaintiff's application for benefits. Discovery such as this is precluded both by Grady and by Glista. Moreover, all of these requests are objectionable because they refer vaguely to documents which "relate to" other terms, whether or not those terms played a part in the decision making process.

## Conclusion

For the foregoing reasons, plaintiff's Motion To Compel Production Of Documents should be denied.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

By Its Attorneys,

Mark A. Pogue (#3441)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (telecopy)

**Certificate of Service**

I hereby certify that on this 27th day of June, 2005 I served a copy of the within Memorandum In Support Of Defendant's Objection To Plaintiff's Motion To Compel Production Of Documents by first class mail, postage prepaid to:

Christopher M. Lefebvre
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862

Jordan M. Lewis, Esq.
Siegel, Brill, Greupner, Duffy & Foster, P.A.
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103

[signature]