UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHERYL SERREZE DESROSIERS, Plaintiff, | : | |
| v. | : | CA 03-018L |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut Corporation, Defendant | : | |

**ORDER**
**DENYING IN PART AND**
**GRANTING IN PART PLAINTIFF'S**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Before the court is Plaintiff's Motion to Compel Production of Documents (Document #41) ("Motion"). The Motion seeks to compel Defendant to produce documents in accordance with Plaintiff's Second Request for Production. A hearing was conducted on July 12, 2005, and the court made the following rulings regarding the below numbered requests:

1. **DENIED.**

2. **DENIED.**

3. **Granted in part and as modified by the court.** Defendant is to "[p]roduce all internal rules, guidelines, protocols or other documents that explain your 'Total Disability or Totally Disabled' coverage provisions in Plaintiff's policy." As explained by the court at the hearing, the court finds that such documents should be produced in light of Glista v. Unum Life Ins. Co. of America, 378 F.2d 113, 122-123 (1st Cir. 2004) (finding plan administrator's own documents interpreting the language of the Plan and providing the standard for evaluation of the facts to be discrete documents, which were easily available, and admissible).

4. **Denied without prejudice.** Plaintiff may rephrase the

request. Plaintiff should identify and attach copies of the specific communication(s) from Defendant (wherein the term "attorney" appears) which has prompted this request for production. If Defendant still objects to the rephrased request for production, Plaintiff may file a motion to compel.

**5. Denied without prejudice.** Plaintiff may rephrase the request. Plaintiff should identify and attach copies of the specific communication(s) from Defendant (wherein the term "trial attorney" appears) which has prompted this request for production. If Defendant still objects to the rephrased request for production, Plaintiff may file a motion to compel.

**6. Denied without prejudice.** Plaintiff may rephrase the request. Plaintiff should identify and attach copies of the specific communication(s) from Defendant (wherein the term "Assistant United States Trustee" appears) which has prompted this request for production. If Defendant still objects to the rephrased request for production, Plaintiff may file a motion to compel.

**7. Denied without prejudice.** Plaintiff may rephrase the request. Plaintiff should identify and attach copies of the specific communication(s) from Defendant (wherein the term "United States Attorney" appears) which has prompted this request for production. If Defendant still objects to the rephrased request for production, Plaintiff may file a motion to compel.

**8. DENIED.**

**9. Denied without prejudice.** Plaintiff may rephrase the request. Plaintiff should identify and attach a copy of the specific communication(s) from Defendant (wherein the phrase "plaintiff's obligation to prove coverage through objective evidence" appears) which has prompted this request for production.

**10. Denied without prejudice.** Plaintiff may rephrase the

request. Plaintiff should identify and attach a copy of the specific communication(s) from Defendant (wherein the phrase "plaintiff's obligation to prove coverage through medical evidence" appears) which has prompted this request for production.

**11. Denied without prejudice.** Plaintiff may rephrase the request. Plaintiff should identify and attach a copy of the specific communication(s) from Defendant (wherein the phrase "plaintiff's obligation to show neurocognitive impairments to prove total disability under your policy" appears) which has prompted this request for production.

**12. Denied without prejudice.** Plaintiff may rephrase the request. Plaintiff should identify and attach a copy of the specific communication(s) from Defendant (wherein the phrase "plaintiff's obligation to show impaired cognitive capacity to prove stated disability under your policy" appears) which has prompted this request for production.[1]

So Ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
July 13, 2005

BY ORDER:

Deputy Clerk

[1] As the court cautioned at the July 12, 2005, hearing, the court is not indicating that if Plaintiff rephrases the requests for production which the court has denied without prejudice, a subsequent motion to compel as to those requests will be granted. The court is only indicating that it will grant Plaintiff a further hearing on these requests if they are rephrased and Defendant still objects to them.