UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Sheryl Serreze Desrosiers,<br><br>Plaintiff,<br>v.<br><br>Hartford Life and Accident Insurance Company, a Connecticut corporation,<br><br>Defendant. | : | Civil Action No. 03-018-L |

## STATEMENT OF UNDISPUTED FACTS

### A. The Parties

**1.** Sheryl Serreze Desrosiers, born 6/8/1959, formerly known as Sheryl Serreze, is a citizen of Rhode Island with a residence address of 8 Abbott Run Valley Road, Cumberland, R.I. [1]

**2.** Desrosier was 39 years old in April 1999, the date of the first of the three accidents that gives rise to this lawsuit.[2]

**3.** In 1992, Desrosiers became employed by the United States Trustee Program as the attorney in charge of the Rhode Island office. In 1995, she was promoted to the job of Assistant United States Trustee for the Rhode Island office.[3]

**4.** The Hartford Life and Accident Insurance Company is a Connecticut corporation authorized to sell insurance and otherwise do business in the state of Rhode Island.[4]

**5.** Hartford is the second largest seller of group disability insurance in the United States.[5]

---

[1] **Desrosiers Aff., ¶ 2.**
[2] **Desrosiers Aff., ¶ 3.**
[3] Hartford Amended Answer, ¶ 6.
[4] Hartford Amended Answer, ¶ 3.

**B. The Insurance**

**6.** Desrosiers formerly worked at the United States Trustee Program, which is a division of the United States Department of Justice.[6]

**7.** As a member of the Department of Justice, Desrosiers participated in a group employee benefit plan known as the Federal Employees Group Long Term Disability Plan.[7]

**8.** The purpose of the plan (referenced immediately above) is to provide income protection to its members if they become disabled.[8]

**9.** The plan is funded by a policy of insurance issued by Hartford.[9]

**10.** The United States Department of Justice did not pay any portion of the premiums for the Hartford coverage purchased by Desrosiers.[10]

**11.** Desrosiers was the only source of the premiums for the Hartford coverage that she procured through the Department of Justice Recreation Association.[11]

**12.** Hartford issued a policy of insurance that sets forth the terms of Desrosiers's disability coverage.[12]

**13.** A copy of the Hartford policy referenced immediately above is attached as **Tab 1** to the accompanying **Affidavit of Jordan Lewis.**[13]

**C. The Three Injuries**

**14.** On April 16, 1999, Desrosiers suffered a serious head injury when she was struck by a car door suddenly opened in her path.[14]

---

[5] Hartford Amended Answer, ¶ 3.
[6] Hartford's 2/6/2004 Statement Of Material Facts As To Which There Is No Genuine Issue, ¶ 1.
[7] Hartford's 2/6/2004 Statement Of Materials Facts As To Which There Is No Genuine Issue, ¶ 1.
[8] Hartford's 2/6/2004 Statement Of Material Facts As To Which There Is No Genuine Issue, ¶ 1.
[9] Hartford's 2/6/2004 Statement Of Material Facts As To Which There Is No Genuine Issue, ¶ 1.
[10] Hartford's 2/6/2004 Statement Of Material Facts As To Which There Is No Genuine Issue, ¶ 10.
[11] Hartford 2/6/2004 Statement Of Material Facts As To Which There Is No Genuine Issue, ¶ 10.
[12] **Desrosiers Aff., ¶ 4.**
[13] **Desrosiers Aff., ¶ 5.**

**15.** A month later, on May 18, 1999, Desrosiers fractured her skull in a second accident at a playground.[15]

**16.** Desrosiers attempted to return to work before suffering a third injury when she fell down the stairs at her home on December 7, 1999.[16]

**17.** Desrosiers submitted her claim to Hartford for insurance benefits on December 30, 1999.[17]

**18.** One day later, on December 31, 1999, Desrosier's health maintenance organization filed for receivership.[18]

**19.** Hartford made no determination on Desrosiers's benefit claim for several months, during which time her financial situation worsened.[19]

**20.** On June 1, 2000, Desrosiers attempted to return to work part-time.[20]

**21.** On June 14, 2000, Desrosiers's neurologist ordered her to stop working entirely because of worsening headaches, back pain and dizziness.[21]

**22.** On August 11, 2000, Hartford denied Desrosiers' claim for benefits based on its determination that she was able to perform the essential functions of her job.[22]

**23.** Desrosiers requested reconsideration of that decision, and also appealed, as permitted by the Hartford policy.[23]

**24.** Hartford did not change its benefit decision.[24]

---

[14] **Desrosiers Aff., ¶ 6.**
[15] **Desrosiers Aff., ¶ 7.**
[16] **Desrosiers Aff., ¶ 8.**
[17] **Desrosiers Aff., ¶ 9.**
[18] **Desrosiers Aff., ¶ 10.**
[19] **Desrosiers Aff., ¶ 11.**
[20] **Desrosiers Aff., ¶ 12.**
[21] **Desrosiers Aff., ¶ 13.**
[22] **Desrosiers Aff., ¶ 14.**
[23] **Desrosiers Aff., ¶ 15.**
[24] **Desrosiers Aff., ¶ 16.**

Respectfully submitted,

Dated: 1/31/06

By: [signature]

Christopher M. Lefebvre
**LAW OFFICES OF CLAUDE LEFEBVRE & SONS**
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
B.B.O. #629056

-and-

Jordan M. Lewis
**SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.**
1845 Walnut Street
24th Floor
Philadelphia, PA 19103
(215) 814-9322

**Attorneys for Plaintiff**